IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDDIE FRANCIS, JR.,**<br>Plaintiff<br><br>v.<br><br>**D. SCOTT DODRILL**, Regional Director of Northeast Region of the Bureau of Prisons; **JOSEPH V. SMITH**, Warden USP Lewisburg; **HARRELL WATTS**, National Inmate Appeals Administrator; **M. RIOS**, Lieutenant at G-Block, USP Lewisburg; **CYNTHIA LEWIS**, CNP Health Services, USP Lewisburg,<br>Defendants | No. 3:04cv2149<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the defendants' motion to dismiss or in the alternative for summary judgment in this prisoner civil rights action brought by Plaintiff Freddie Francis, Jr., an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). The matter has been fully briefed and is ripe for decision.

**Background**

The United States District Court for the Western District of Louisiana convicted plaintiff of Possession with Intent to Distribute Cocaine, 21 U.S.C. § 841(A)(1). (Def. Ex 1, Rios Declaration ¶ 2). On March 2, 2000, the court sentenced him to a 300 month prison term followed by five years of supervised release. (Id.) His projected release date, via Good Conduct Release, is March 13, 2022. (Id.).

The Bureau of Prisons transferred plaintiff from USP Lompoc, California, to USP Lewisburg on March 15, 2004. (Id.). Plaintiff has a long history of disruptive behavior in Bureau of Prisons Facilities and was referred to the Lewisburg Special Management Unit ("SMU") program after his involvement in a serious gang related incident at USP Lompoc. (Id. at ¶ 3, Attach. 2).

The facts alleged in the complaint are as follows:

Plaintiff was placed in the prisons's "dry cell" on two separate occasions, and he asserts that such placement violated his constitutional right to be free from cruel and unusual punishment. A dry cell is a prison cell that has no running water and no toilet. See Young v. Quinlan, 960 F.2d 351, 355(3d Cir. 1992). Officials first placed him in the cell on March 31, 2004. He claims that he was placed in the dry cell due to the actions of his cell mate, not his own. Regardless, Defendant Rios ordered that he be punished also. (Oppo. Brief at 1).

He further claims that he requested his eyeglasses and his medicine, particularly his high blood pressure medicine, his stomach medicine, his headache medicine and his nitroglycerin. He asserts that Lt. Rios denied him these medicines, except for the nitroglycerin. (Id. at 2). He claims that while he was in the dry cell, he was denied the right to shower on Defendant Rios' orders. (Id. at 3). He was returned to his regular cell on April 6, 2004. (Id. at 3).

On June 6, 2004, prison officials attempted to place an "Inmate Mackey" in plaintiff's cell. Mackey refused to enter the cell. Because Inmate Mackey refused to cell with him, Defendant Rios ordered that plaintiff be placed back into the dry cell. Plaintiff claims that while in the dry cell, he was denied personal hygiene, recreation and showers. Plaintiff claims that on June 18, 2004, he complained personally to Defendant Warden Smith that he had not had a shower in fourteen days. (Id. at 3). The Warden called Defendant Rios and demanded to know why plaintiff was not provided a shower. Rios replied that plaintiff was refusing the shower. Plaintiff called her a liar. The Warden told Rios that he wanted plaintiff to shower and get his recreation. From June 19, 2004 until July 2, 2004, he was provided opportunities to shower. (Id. at 4).

Defendant Cynthia Lewis is a nurse and worked for the prison's healthcare system. Plaintiff complains that Defendant Lewis delayed her visit to him while he was in the dry

cell and deprived him of his medicines.[1]

Plaintiff has filed a "Bivens" style action alleging violation of his federal constitutional rights.[2] He seeks to have us order the dry cell closed and to have Defendants Rios and Lewis suspended without pay for sixty (60) days for racism toward Black inmates. He also seeks compensatory damages, punitive damages and any other damages deemed appropriate by the court.

Defendants have filed a motion to dismiss or in the alternative for summary judgment. As both parties have filed exhibits, we will treat the motion as a motion for summary judgment. For the following reasons, we will grant the motion.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)

---

[1] In his brief, plaintiff also asserts the following: He suffered from dizziness and chest pain on January 3 or 5, 2005. He claims when Defendant Lewis found out it was him complaining, she refused to come see him. (Id. at 5). He filed a grievance which has been pending before Defendant Harrell Watts since February 2005. (Id. at 6) These allegations do not appear in the original complaint, and evidently occurred after the original complaint was filed. As such, they are not part of the same case or controversy as the initial complaint, and we will not address them further.

[2] The United States Supreme Court in Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (U.S. 1971) recognized that a civil rights suit may be brought against federal actors.

(emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

We will break down Defendant's argument into three sections: 1) claims related to Defendants Smith, Dodrill and Watts;  2) claims against Defendant Rios; and 3) claims against Defendant Lewis.

**I. Defendants Smith, Dodrill and Watts**

Defendant first seeks the dismissal of several defendants because individual action by those defendants has not been established. The law provides that a Bivens plaintiff must prove individual involvement of each defendant which purportedly violated his constitutional rights. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988). Plaintiff has not met this burden with respect to Defendants Smith, Dodrill, and Watts. Defendant Dodrill is the Regional Director of Northeast Region of

4

the Bureau of Prisons, and plaintiff has not asserted any personal action by him. Smith is the warden at USP-Lewisburg. Plaintiff claims that he complained to Smith personally about not receiving a shower and that Smith then ordered that he be provided with showers. This alleged action cannot support a claim of a violation of a constitutional right. Defendant Watts is the National Inmate Appeals Administrator. Plaintiff has not established any personal involvement on behalf of Watts so as to give rise to liability for a constitutional violation. Therefore, these three defendants will be dismissed from the case.

## II. Defendant Rios

We turn our attention now to the specific claim against Defendant Rios. As set forth above, plaintiff claims that she is the corrections official who placed him in the dry cell and refused to allow him showers. Plaintiff asserts that this action amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The United States Supreme Court has the cruel and unusual punishment standard as follows:

> The Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency, against which we must evaluate penal measures. Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society or which involve the unnecessary and wanton infliction of pain.

Estelle v. Gamble, 429 U.S. 97, 103-04 (1976) (internal citations and quotation marks omitted).

Cruel and unusual punishment is present where prison conditions cause unquestioned and serious deprivations of basic human needs that deprive inmates of the minimal civilized measure of life's necessities. Tillman v. Lebanon County Correctional

5

Facility, 221 F.3d 410, 417-18 (3d Cir. 2000). Plaintiff claims that upon the orders of Defendant Rios, he was prohibited from showering for a period of twelve (12) days. (Doc. 1, Compl. at 6). Defendant has presented evidence that during the relevant time frame, plaintiff was offered showers at least three times per week, although he sometimes refused them. (Def. Ex. 1, ¶ 6). Plaintiff has submitted no evidence to counter the defendants' evidence, therefore, judgment in favor of the defendants is appropriate. Celotex v. Catrett, 477 U.S. at 324 (explaining that once the moving party satisfies its summary judgment burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial). Plaintiff does assert in his brief and complaint that he was not offered the opportunity to shower, however, once a party moving for summary judgment carries the initial burden of establishing no genuine issue of material fact exists, the nonmoving party cannot merely rely upon the allegations of his pleadings or briefs. Pastore v. Bell Telephone Co. of PA, 24 F.3d 508, 511 (3d Cir. 1994).

However, even if plaintiff had established that he was denied showers, judgment in favor of the defendants would still be appropriate. A short-term deprivation of necessities in a prison normally does not give rise to an Eighth Amendment claim unless the plaintiff establishes a resulting physical harm. Lopez-Diaz v. County of Lancaster, No. Civ.A. 01-CV-5181, 2003 WL 1592001, at *3 (E.D. Pa. March 26, 2003) (finding that a plaintiff's claim of cruel and unusual punishment could be sufficient where he alleged that he was forced to shower in handcuffs for seven months, which led to a rash on various parts of his body). In the instant case, a review of the record reveals that plaintiff has not asserted any kind of harm that arose from the refusal to allow him to shower for twelve days. Accordingly, the granting of judgment in favor of the defendants is appropriate on this claim.

### III. Defendant Lewis

Defendant Lewis was a nurse practitioner at USP Lewisburg during the time relevant to this case. Plaintiff asserts that her treatment of him, or lack thereof, amounted to cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

Pursuant to the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), in order to establish an Eighth Amendment claim based upon medical treatment, an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he is entitled. The government has an "obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103. A constitutional violation does not arise, however, unless the prison officials exhibit "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." Id. at 104 (citation omitted). The Court of Appeals for the Third Circuit has held that not every injury or illness enjoys constitutional protection; only serious medical needs are actionable. Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

We must determine if the defendant has established a deliberate indifference to his serious medical needs. He alleges that on about March 31, 2004, he was placed in a dry cell without his medications. Evidently, he was on nitroglycerin, high blood pressure medicine and stomach medication. (Doc. 1, Compl. at 4). He complained that day to Defendant Rios, and he was provided with his nitroglycerin only. Plaintiff asserts he made requests for his blood pressure medicine and to see medical personnel over the next two days. On March 2, Defendant Lewis finally came to visit him. He requested his blood pressure medicine, and in leaving the area Defendant Lewis allegedly made a racist remark. (Id. at 5). That night, however, he was provided with his blood pressure

7

medicine. Plaintiff claims that the two and a half days without his blood pressure medicine amounts to cruel and unusual punishment. (Id.).

We will grant summary judgment to the defendants on the plaintiff's medical care claim. The law provides that "in assessing an Eighth Amendment claim, a court may consider the actual harm that resulted from defendant's alleged indifference to an inmate's serious medical needs." Jackson v. Fauver, 334 F. Supp. 2d 697, 718 (D.N.J. 2004). In the instant case, summary judgment is appropriate for the defendants because the plaintiff does not alleged he suffered any physical harm due to the failure to receive his medicine. See id. (holding that a six week delay in receiving HIV/AIDS medicine did not state a claim for cruel and unusual punishment where the plaintiff did not establish any harm caused by the delay).

Accordingly, we will grant summary judgment to the defendants. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDDIE FRANCIS, JR.,<br>　　　　　Plaintiff<br><br>　　v.<br><br>D. SCOTT DODRILL, Regional Director of<br>Northeast Region of the Bureau of Prisons;<br>JOSEPH V. SMITH, Warden USP Lewisburg;<br>HARRELL WATTS, National Inmate<br>Appeals Administrator; M. RIOS, Lieutenant<br>at G-Block, USP Lewisburg;<br>CYNTHIA LEWIS, CNP Health<br>Services, USP Lewisburg,<br>　　　　　Defendants | No. 3:04cv2149<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this 27th day of February 2006, the defendants' motion for summary judgment (Doc. 19) is **GRANTED**. The Clerk of Courts is directed to enter judgment in favor of the defendants and against the plaintiff. The Clerk of Court is further directed to close this case.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

9